UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MIRTHA OZUNA DE LARANCUENTE,

       **Plaintiff,**                                **OPINION & ORDER**

  - against -                                     18-cv-4939 (NG)(RER)

AMERICAN AIRLINES, INC.,

       **Defendant.**
------------------------------------------------------------x
GERSHON, United States District Judge:

       Mirtha Ozuna De Larancuente, an 82-year-old resident of the Dominican Republic, brings this action against American Airlines, Inc. for negligence. The claim is based upon allegations that she tripped while exiting an American Airlines flight in Las Vegas, Nevada on August 23, 2017. Defendant has moved to exclude consideration of plaintiff's expert under Federal Rule of Evidence 702, and for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed, below, both aspects of defendant's motion are granted.

**I.**       **Factual Background**

       Except as otherwise noted, the facts set forth below are undisputed for purposes of this motion.

       Plaintiff's claim arises from a trip and fall incident on August 23, 2017, that occurred in Las Vegas, Nevada, while disembarking from a flight that originated at John F. Kennedy Airport in Queens, New York. On that day, plaintiff was traveling with her daughter, her granddaughter, and her son-in-law, who required a wheelchair because of issues with his hip and spinal column.

       Though plaintiff does not have any medical condition that causes her to have difficulty walking, Plaintiff's Deposition at 12:4–9, she requested a wheelchair from the airline because she

"get[s] tired of walking for a long period of time," as is often the case in airports, *id.* at 14:4–12.¹ Typically, when Ms. De Larancuente uses a wheelchair in an airport, she will get out of the wheelchair on the jet bridge and enter the aircraft on her own. *Id.* at 26:14–24.² That is what happened when she entered the airplane at JFK on August 23, 2017, and it was her expectation that she would likewise exit the aircraft on her own when she reached Las Vegas, and then go sit in a wheelchair to navigate the airport. *Id.*

On the day in question, all four members of plaintiff's party boarded the plane without incident and sat in the last row. When the flight arrived in Las Vegas, plaintiff and her family were the last passengers to exit the plane. The other members of plaintiff's family walked to the front of the plane without assistance and without incident. Plaintiff's son-in-law exited the aircraft first, by crossing the threshold of the airplane on his own and sitting in a wheelchair that was waiting for him on the jet bridge. Plaintiff's granddaughter and daughter then exited the airplane without incident.

Plaintiff also walked on her own to the front of the plane. When she reached the passenger door to exit, however, she realized that there was no wheelchair waiting for her on the jet bridge. One flight attendant told plaintiff that she would go up the jet bridge and check on the wheelchair.³

---

¹ In her opposition to defendant's Local Rule 56.1 Statement of Undisputed Material Facts, plaintiff argues that these facts are controverted by pages 12 and 13 of her deposition because she is "infirmed." However, I find that defendant has accurately cited plaintiff's own deposition testimony. The pages cited by plaintiff mention that she takes medication for her blood pressure, but do not state that she is otherwise "infirm."

² Plaintiff also argues that these facts are controverted by pages 18 through 25 of her deposition testimony. There is nothing in those pages of plaintiff's testimony that contradicts defendant's description. I find that defendant has accurately cited plaintiff's deposition testimony and accept that version of events.

³ Flight attendants Amanda Lutz and Brianna Rose were working on the subject flight, though neither flight attendant recalls the accident in question.

In the absence of a flight attendant, plaintiff stepped off the aircraft and onto the jet bridge. In the process of doing so, plaintiff tripped over the threshold of the aircraft doorway and fell onto the jet bridge, fracturing her right wrist.[4] Plaintiff believes that she tripped over a piece of metal that was a part of the aircraft door and that she may not have raised her foot high enough as she stepped off the aircraft. In opposition to summary judgment, plaintiff's brief concludes that the metal object she tripped on was one of two fuselage hooks that protrude from the floor at the threshold of the airplane.

Plaintiff and defendant have each engaged engineers to provide expert reports in this matter. Defendant's proffered expert, Michael Cronin, identifies the fuselage hooks as sitting outside the 30-inch width of the door. Plaintiff's proffered expert, Harold Krongelb, testified that he did not measure, and was unaware of the measurements of, the airplane doorway or the distance between the fuselage hooks. Each expert concluded that there are no defects in the aircraft itself, which was a Boeing 737-800. I therefore treat as undisputed that the fuselage hooks were outside the 30-inch width of the doorway.

In her motion papers, plaintiff attempts to establish a question of fact regarding the duties and responsibilities of flight attendants based upon the testimony of Flight Attendant Amanda Lutz. Her testimony, however, is unambiguous. Flight Attendant Lutz testified that her responsibility when passengers are deplaning is "to monitor the door and monitor the passengers leaving." Deposition of Amanda Lutz at 35:5–36:1. She did not testify that it was her duty to help

---

[4] Plaintiff challenges defendant's statement of facts on this topic, though it is not entirely clear why. It may be because, as written by defendant, plaintiff "injur[ed] her hand" whereas plaintiff alleges that she fractured her wrist in the fall. Assuming that is plaintiff's point of contention, I have accepted her version of events for the purposes of this motion and accept that she fractured her wrist in the fall. In any event, the outcome of the fall does not affect the question of liability.

3

passengers deplane. On the contrary, she testified that, if she were to stand at the passenger door while passengers deplaned, it would interfere with her duty. *Id.*

## II.     Choice of Law

This court's jurisdiction is premised upon diversity of citizenship, as defendant is a citizen of Delaware with a principal place of business in Texas, while plaintiff is a citizen of the Dominican Republic who resides in New York State. Plaintiff also alleges that her damages are greater than the jurisdictional minimum of $75,000.

In federal diversity actions, state law governs substantive issues while federal law governs procedural issues. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The parties do not dispute that the elements of a negligence claim are the same under Nevada and New York laws. *Compare Sanchez v. Wal-Mart Stores, Inc.*, 125 Nev. 818, 824 (Nev. 2009) ("It is well established that to prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.") *with Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) ("The elements of a negligence claim under New York law are: '(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.'" (*quoting Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002))). Therefore, I will apply the substantive law of the forum state, New York. *See J. Aron & Co. v. Chown*, 231 A.D.2d 426 (1st Dept. 1996) (when there is no conflict between the substantive laws, New York will dispense with a choice of law analysis).

Plaintiff, however, argues that, because New York's and Nevada's rules of evidence are in conflict with respect to the level of deference given to expert testimony, Nevada's rules of evidence apply. Plaintiff is mistaken. Rules of evidence, including Federal Rule of Evidence 702, which governs expert testimony, are generally considered procedural in nature. *See Salsburg v. Maryland*, 346 U.S. 545, 550 (1954); *Aspen Eyewear, Inc. v. Altair Eyewear, Inc.*, 485 F. Supp.

4

2d 310, 318 (S.D.N.Y. 2007), *aff'd in part and rev'd in part on other grounds*, 288 Fed. Appx. 697 (2d Cir. Aug. 1, 2008) ("the admissibility of expert testimony is a procedural issue that arises in an array of substantive areas . . ."); *but cf.* Fed. R. Evid. 501 ("in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision"). As a result, the Federal Rules of Evidence, rather than state evidentiary laws, apply here. *See* Fed. R. Evid. 1101(b) ("[The Federal Rules of Evidence] apply in . . . civil cases and proceedings.").

### III.    Plaintiff's Expert Testimony Is Excluded

In opposition to the motion for summary judgment, and in support of her claim of negligence, plaintiff has submitted the report of a licensed professional engineer and home inspector, Harold Krongelb, whom she has proffered as an expert witness. Krongelb's report reaches four conclusions, based on his "professional opinion, with a reasonable degree of Engineering certainty," upon which plaintiff relies in arguing that defendant owed plaintiff a duty of care. Krongelb Report at 7–8. Krongelb's report concludes: "it is a good and accepted practice to make sure pedestrian use of potentially hazardous doors and walkways is constantly supervised;" "it is reasonably foreseeable that a passenger will attempt to exit an airplane at an airport if they feel they have been left alone on the airplane;" "it is reasonably foreseeable that a passenger who attempts to exit unassisted through the Boeing 737 passenger door will trip and fall;" and finally, "a passenger cannot safely cross the threshold [of] the exit door of the Boeing 737 unassisted." *Id.*

It is undisputed that Krongelb's opinion in this matter is based solely upon a telephone call with plaintiff's counsel and his review of a single photograph "that reportedly represented the Boeing 737 passenger door at the time [plaintiff] tripped and fell."[5] *Id.* at 4. He did not examine

---

[5] Notably, the one photograph upon which Krongelb relied in reaching his opinions depicted the interior of a 737 aircraft whose door was shut—not open as the door was when plaintiff fell.

5

the subject aircraft, has no professional experience with aircraft, has neither undertaken nor reviewed any relevant studies, and he proffers no methodology for how he reached his opinion in this case. Defendant now moves to exclude Krongelb's testimony, arguing that he is unqualified and that his opinions are speculative, unreliable, and irrelevant.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993). The proponent of the evidence bears the burden of establishing that Rule 702's requirements have been met. *Daubert*, 509 U.S. at 592 n.10.

Plaintiff has not met her burden. Although he is an expert engineer, Krongelb's engineering expertise is not in the field for which he was proffered. Indeed, Krongelb's entire understanding of how an aircraft is operated is based on his experience of flying as a passenger on planes. Krongelb Deposition at 37:16–38:14. Insofar as Krongelb testified to having any background in aviation or aircraft work, that background was limited to informally researching plane crashes on his own. *Id.* at 17:19–20:18. Krongelb is therefore unqualified to testify as an expert in this matter. *See United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004) ("To determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony.").

6

Even if he were qualified to offer expert testimony in this case, his factual assumptions, which are "based on conclusory statements of the expert's client, rather than on the expert's independent evaluation[,] are not reasonable." *Supply & Bldg. Co. v. Estee Lauder Int'l, Inc.*, 2001 WL 1602976, at *4 (S.D.N.Y. Dec. 14, 2001). Furthermore, his opinions regarding the best practices for flight attendants' deplaning duties and responsibilities are wholly unsupported by data, methodology, or studies. I therefore find "that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). In sum, the expert testimony proffered by plaintiff does not meet any of the requirements of Rule 702 and must be excluded.

## IV.     Summary Judgment Standard

Summary judgment is appropriate only where, considering "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). In determining whether there is a genuine issue of material fact, a court resolves all ambiguities and draws all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once the moving party has asserted facts showing that the non-movant's claims cannot be sustained, "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

7

## V. Defendant Is Entitled to Summary Judgment

Plaintiff argues that she has presented a "straight forward negligence case," based upon defendant's breach of its "[d]uty to monitor and assist passengers" while exiting the airplane. Opposition at 6. To support this conclusion, plaintiff relies upon the testimony of Flight Attendant Amanda Lutz, who testified that her responsibility when passengers are deplaning is "to monitor the door and monitor the passengers leaving," Lutz Dep. at 35:5–36:1, and upon excluded expert testimony, namely, that exiting a plane is hazardous and requires an undefined level of supervision and assistance.

As to the testimony of Flight Attendant Lutz, she did not testify that it was her duty to stand at the threshold of the plane to help every passenger deplane. On the contrary, it would interfere with her duty to monitor the passengers and the aircraft. Lutz Dep. at 35:5–24. I therefore reject plaintiff's reading of her testimony as equating monitoring with standing at the threshold of the aircraft and assisting passengers as they exit.[6] Moreover, plaintiff has not established that, by appropriately monitoring airplane doors and passengers, the flight attendants have could have avoided the outcome present here. Indeed, plaintiff did not testify to requesting any assistance in the deplaning process—a process she had successfully done many times before—and there was therefore no reason for any flight attendant to offer assistance to her.

On the undisputed facts, there was also no defective condition—or notice of a defective condition—that contributed to plaintiff's fall.

---

[6] Though Krongelb's testimony has been excluded, I briefly address plaintiff's reliance upon two sections of the Code of Federal Regulations, 14 CFR §§ 121.391 and 121.394, which are cited by Krongelb in his report. Plaintiff, in opposition to the motion for summary judgment, interprets these sections as "requiring at least two flight attendants to be aboard to help with passenger deplaning." Opp. at 4. However, these sections neither contradict nor undermine the testimony of Flight Attendant Lutz.

8

In the absence of a defective condition, or notice thereof, and in the absence of any request by plaintiff for assistance in exiting, plaintiff can identify no duty of care owed to her by the airline while she exited the airplane. In light of this, she cannot show a breach of any duty of care, nor can she show that any breach caused her injury.

Having comprehensively reviewed the record in this case, and, having viewed the evidence in the light most favorable to plaintiff, it is apparent that there are no genuine issues of material fact and plaintiff has presented no evidence on which the jury could reasonably find for her at trial. Defendant's motion is therefore granted.

## VI.  Conclusion

For the reasons set forth above, defendant's motions to exclude the testimony of Harold Krongelb and for summary judgment are granted. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**June 22, 2022**
**Brooklyn, New York**